# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Randolph and Monica Hall<br><br>Debtors. | Chapter 7<br><br>Case No. 19-12543-LSS<br><br>**Objection Deadline: February 6, 2020 at 4:00 pm**<br>**Hearing Date: February 13, 2020 at 2:30 pm (ET)** |

## MOTION OF KEYBANK, N.A. FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION AS TO THE 2014 CHEVROLET CRUZ VIN 1G1PC5SB4E7331222

KeyBank, N.A., ("Movant"), by and through its undersigned counsel, hereby moves this Court (the "Motion"), pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Fed. R. Bankr. P. 9014, for an order terminating the automatic stay of 11 U.S.C. § 362 to allow Movant to exercise all rights and remedies as a Movant of the Debtor with respect to the 2014 Chevrolet Cruz VIN 1G1PC5SB4E7331222 (the "Vehicle") including, without limitation, repossession and sale of the Vehicle. In support of this Motion, Movant respectfully represents as follows:

### SUMMARY

1.	This is a motion for relief from the automatic stay regarding the Vehicle. The Movant's records reflect that the Debtors filed their Chapter 7 petition on November 27, 2019. Debtor and Co-Buyer, Randolph Hall ("Debtor") is delinquent in post-petition payments for the months of November, 2019, December, 2019 and January, 2020.. The most recent payment was due on January 1, 2020. As of the filing of this motion, the Movant had not received such payment.

### JURISDICTION AND VENUE

2.	The Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and

is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G).  Venue of this Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a).  The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

## BACKGROUND

3.     This is the Debtor's first bankruptcy case and this is Movant's first motion for relief sought in this case.

4.     Movant is a secured creditor of the Debtor as evidenced by a certain Retail Installment Sale Contract (the "Contract"), in the principal amount of $ 15,193.00, executed on September 17, 2016.  Pursuant to the Contract, the Debtor is required to make monthly payments in the amount of $238.86..

5.     The Debtor's indebtedness and obligation as evidenced by the Contract is secured by a valid and perfected lien in and security interest against the Vehicle as set forth in the Certificate of Title.  Copies of the Contract and Certificate of Title are attached hereto as **Exhibit A.**

6.     The Debtor is in default of the contractual obligations to Movant as he has failed to make any of the payments that have come due for the months of November, 2019, December, 2019 and January, 2020.  See Payment History attached hereto as **Exhibit B.**

7.     As of January 10, 20120 the amount of the post-petition arrears owed by the Debtor to Movant in connection with the Contract and secured by the lien of the Certificate of Title is $628.54, representing delinquent payments for the months set forth above with $11.96 in late fees.  See Affidavit attached as **Exhibit C**.

8.     Upon information and belief, the trade-in value of the Vehicle is $4,400.00.  See Value Report attached as **Exhibit D**.

## **MOVANT IS ENTITLED TO RELIEF FROM STAY**

9. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> (d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> > (1) for cause, including lack of adequate protection of an interest in property;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

10. The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis. See In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992). As discussed below, ample "cause" exists to support Movant's request for relief from the automatic stay under section 362 of the Bankruptcy Code.

11. Section 362(d) provides that the court shall grant relief from the automatic stay for cause, including the lack of adequate protection. Therefore, relief is mandated if cause is shown. Moreover, when a creditor meets its initial burden on the issue of cause under section 362 by providing evidence of the debtors' failure to remit post-petition installment payments on a secured debt, the burden shifts to the debtors to show how the creditor is adequately protect. In re Epic Capital Corp., 290 B.R. 514, 526 (Bankr. D. De. 2003); In re Hinchliffe, 164 B.R. 45, 48 (Bankr. E.D. Pa. 1994). If the debtor does not meet this burden, then the court should grant the creditor's request for relief. Id. If the debtors cannot meet this burden, then the court should grant the creditor's request for relief. Id.

12. Cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any and all subsequent holders of the Contract secured by the Certificate of Title to take all actions necessary to exercise all rights and remedies against the Vehicle as a Movant of the Debtors, including, without limitation, repossession or replevy and sale of the Vehicle. The justifications are, inter alia, that Movant's interest in the Vehicle is not and cannot be adequately protected during the further maintenance of the automatic stay in this case as a direct result of the Debtor's failure to remit timely payments to Movant. Further, Debtor has no equity in the Vehicle.

## **NOTICE**

13. Notice of this Motion has been given to the Debtor, Debtor's counsel and the Chapter 7 Trustee in this case. Movant submits that no other or further notice is necessary with respect to the Motion.

**WHEREFORE,** KeyBank, N.A., respectfully requests that the Court enter an order: (i) granting relief from stay to allow it, and any and all subsequent holders of the Contract, to exercise all rights and remedies against the Vehicle as a Movant of the Debtor in accordance with the Certificate of Title and applicable law, including without limitation, repossession or replevy and sale of the Vehicle and granting such other and further relief as it deems just and proper.

DATED: January 17, 2020            GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Amy D. Brown*
Amy D. Brown, Esq. (No. 4077)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: abrown@gsbblaw.com
Counsel for KeyBank, N.A.